GEOFFREY S. BERMAN
United States Attorney
Southern District of New York
By:  LI YU
     JACOB LILLYWHITE
     NATASHA W. TELEANU
     STEVEN J. KOCHEVAR
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel. (212) 637-2734/2639/2528/2715

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
UNITED STATES OF AMERICA,

       Plaintiff,

   v.

ATLANTIC DEVELOPMENT GROUP, LLC; and
PETER FINE,

       Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

19 Civ. _____

Plaintiff the United States of America (the "United States") alleges as follows:

1. This action is brought by the United States to enforce the Fair Housing Act, as amended by the Fair Housing Amendments Act of 1988 (the "Fair Housing Act" or the "Act"), 42 U.S.C. §§ 3601-3619.

2. As set forth below, the United States alleges that defendants Atlantic Development Group LLC ("Atlantic"), the developer of at least 68 rental apartment buildings in this District — including the rental apartment buildings at 1118 Intervale Avenue in the Bronx ("1118 Intervale"), 2087 Creston Avenue in the Bronx ("2087 Creston"), 303 Tenth Avenue in Manhattan ("303 Tenth Avenue"), 3880 Orloff Avenue in the Bronx ("3880 Orloff"), 1926 Crotona Avenue in the Bronx ("1926 Crotona"), 4646 Park Avenue in the Bronx ("4646 Park"), 1382 Shakespeare Avenue in the

Bronx ("the Shakespeare"), and 25 State Street in Ossining ("25 State Street," and, collectively with the preceding seven rental apartment buildings, the "Sample Properties") — and its principal Peter Fine have unlawfully discriminated against persons with disabilities under the Fair Housing Act by failing to design and construct these rental apartment buildings so as to be accessible to persons with disabilities.[1]

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3614(a).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the claims alleged in this action arose in the Southern District of New York, and concern or otherwise relate to real property located in this District.

## THE DEFENDANTS

5. Defendant Atlantic is a New York limited liability company. Atlantic, directly or through affiliated entities, is the owner and developer of the 68 rental apartment buildings listed in Appendix 1 attached herein and at least two other rental apartment buildings. In these capacities, Atlantic designed and constructed each of those rental apartment buildings.

6. Defendant Peter Fine, who resides in Manhattan, is the co-founder of Atlantic. During all times relevant, Fine was the majority owner and principal of Atlantic and, in those capacities, personally supervised the design and construction of the rental apartment buildings at

---

[1] The names and addresses of the 67 rental apartment buildings that Atlantic designed and constructed, as well as one building that is currently under construction, are set forth in Appendix 1 to this complaint. In addition to these 68 buildings, which contain over 6,500 low-income rental units, Atlantic has designed and constructed at least two market-rate rental apartment buildings — 33 West End Avenue and 2 Cooper Square in Manhattan — that also have widespread inaccessible conditions. The inaccessible features at 33 West End and 2 Cooper Square are the subject of an FHA lawsuit that the United States filed in 2017 against Atlantic and two other parties: *United States v. Atlantic Development Group, LLC et al.*, 17 Civ. 332 (PAC) (S.D.N.Y.).

issue in this action. Further, Fine has obtained substantial profits from Atlantic, including from sales of the so-called section 421-a tax exemption certificates, resulting from Atlantic's development of these low-income rental properties.

**FHA's Accessibility Requirement for Atlantic's Rental Apartment Buildings**

7. The 68 rental apartment buildings at issue in this action, which are listed in Appendix 1, each contain between 10 and 221 rental units. All of these buildings were designed and constructed by Atlantic for first occupancy after March 13, 1991.

8. All 68 rental apartment buildings at issue in this action have elevator access. Each building, moreover, contains certain public and common use areas, such as, depending on the building, laundry rooms, parking garages, fitness centers, patios, and community rooms.

9. The rental units at each of the 68 rental apartment buildings at issue in this action are "dwellings" within the meaning of 42 U.S.C. § 3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.201.

10. All of the rental units in the 68 rental apartment buildings at issue in this action are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7) and 24 C.F.R. § 100.201. And each of those buildings is subject to the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(a), (c).

**Inaccessible Features at Atlantic's Rental Apartment Buildings**

A. <u>Buildings That Atlantic Designed and Constructed Using Architect A</u>

11. From in or about 2000 until in or about 2007, Atlantic designed and constructed 29 rental apartment buildings, including 1118 Intervale, 2087 Creston, and 3880 Orloff, using a now-defunct architecture firm based in Manhattan ("Architect A").[2] There are inaccessible

---

[2] In addition to 1118 Intervale, 2087 Creston, and 3880 Orloff, Atlantic also designed and constructed the following 26 buildings using Architect A: 1150 Intervale Avenue, 2035 Marmion Avenue, 2333 Webster Avenue, 900 Ogden Avenue, 1314 Merriam Avenue, 678

3

conditions in violation of the FHA's accessibility requirements throughout these 29 rental apartment buildings. As the examples below at 1118 Intervale, 2087 Creston, and 3880 Orloff show, the inaccessible conditions include, *inter alia*, entrance thresholds that are excessively high, mailboxes and other common use facilities that are located too high above the finished floor, kitchens that are insufficiently wide, bathrooms that lack sufficient clear floor space for maneuvering, and common use bathrooms that lack toilet grab bars and sink pipe insulation.

12. 1118 Intervale, which Atlantic completed in 2000, contains 68 rental units, as well as public and common use areas such as an intercom system, a mailbox area, a recreation room, and a laundry room. 1118 Intervale is inaccessible to persons with disabilities. Specifically, Atlantic designed and constructed, among others, the following inaccessible features at 1118 Intervale:

   a. The height of the threshold at the main entrance door exceeds ½ inch;

   b. Top row of the buttons of the intercom system at the building entrance are higher than 48 inches above the finished floor;

   c. There are three rows of mailboxes higher than 54 inches above the finished floor;

   d. In more than 30 individual units, the height of the thresholds at entrances to in-unit bathrooms exceeds ½ inch;

   e. In all or nearly all individual units, kitchens are less than 40 inches wide as measured between refrigerators and opposing countertops;

   f. In more than 30 individual units, kitchens are less than 40 inches as

---

Sagamore Street, 1975 Birchall Avenue, 1314 Nelson Avenue, 2080 LaFontaine Avenue, 1491 Macombs Avenue, 1240 Washington Avenue, 600 Concord Avenue, 1001 University Avenue, 415 East 157th Street, 404 East 158th Street, 303 East 158th Street, 320 East 159th Street, 3000 Park Avenue, 1404 Jesup Avenue, 1401 Jesup Avenue, 675 Morris Avenue, and 1450 Jesup Avenue in the Bronx, as well as at 400 Third Avenue, 246 East 77th Street, 417 East 76th Street, and 438 East 76th Street in Manhattan.

      measured between ranges and opposing countertops;

  g.  In all or nearly all individual units, there is less than 30 by 48 inch clear floor space for a parallel approach to the kitchen ranges;

  h.  In more than 30 units, there are less than 18 inches of clear space between toilets and the sinks;

  i.  In all or nearly all individual units, there is less than 30 by 48 inch clear floor space in bathrooms beyond the swinging doors;

  j.  In all units, kitchen electrical outlets are located more than 46 inches above the finished floor;

  k.  The recreation room bathroom lacks pipe insulation for the sink and also lacks a 42-inch long side grab bar for the toilet;

  l.  The card reader in the laundry room is located more than 54 inches above the finished floor.

13.  2087 Creston, which Atlantic completed in 2004, contains 92 rental units as well as public and common use areas such as, a mailbox area, a community room, and a laundry room.  2087 Creston is inaccessible to persons with disabilities.  Specifically, Atlantic designed and constructed, among others, the following inaccessible features at 2087 Creston:

  a.  The height of the threshold at the entrance to the community room bathroom exceeds ½ inch;

  b.  There are two rows of mailboxes higher than 54 inches above the finished floor;

  c.  In all or nearly all individual units, the height of the thresholds at the unit entrances exceeds ½ inch;

  d.  In all or nearly all individual units, the height of the thresholds at entrances to in-unit bathrooms exceeds ½ inch;

  e.  In more than 40 individual units, kitchens are less than 40 inches wide as measured between refrigerators and opposing countertops;

5

   f.  In all or nearly all individual units, there is less than 30 by 48 inch clear floor space for a parallel approach to the kitchen ranges;

   g.  In all or nearly all individual units, there is less than 30 by 48 inch clear floor space in bathrooms beyond the swinging doors;

   h.  In all or nearly all individual units, there is less than 33 inches of clear space around the toilet (*i.e.*, between the side wall and the sink);

   i.  The height of thresholds at entrances to the trash rooms exceeds ½ inch;

   j.  The community room bathroom lacks 42-inch long side grab bar or 36-inch long rear grab bar for the toilet; and

   k.  The highest operable part of the refill machine in the laundry room is located at more than 54 inches above the finished floor.

14. 3880 Orloff, which Atlantic completed in 2005, contains 114 rental units as well as public and common use areas such as a ramp to the building entrance, a mailbox area, a parking garage, a fitness room, and a community room.   3880 Orloff is inaccessible to persons with disabilities.   Specifically, Atlantic designed and constructed, among others, the following inaccessible features at 3880 Orloff:

   a.  There is an abrupt level change between the sidewalk and the ramp leading to the building entrance that exceeds ¼ inch, and the ramp lacks handrails on both sides;

   b.  There are three rows of mailboxes higher than 54 inches above the finished floor;

   c.  The running slope of the parking garage ramp exceeds 8.33%;

   d.  The threshold at the entrance to the community room lounge is not beveled at 1:2;

   e.  In all or nearly all individual units, the height of the thresholds at the unit entrances exceeds ½ inch;

    f.      In more than 20 individual units, there are steps on the interior and the exterior sides of the in-unit patios;

    g.      In all or nearly all individual units, kitchens are less than 40 inches wide as measured between ranges and opposing dishwashers;

    h.      In all or nearly all individual units, there is less than 30 by 48 inch clear floor space for a parallel approach to the kitchen ranges;

    i.      In all or nearly all individual units, there is less than 30 by 48 inch clear floor space in bathrooms beyond the swinging doors; and

    j.      The community room bathroom lacks grab bars for the toilet and lacks pipe insulation for the sink.

    B.      <u>Buildings That Atlantic Designed and Constructed Using Architect B</u>

15.      From in or about 2005 until in or about 2011, Atlantic designed and constructed 25 rental apartment buildings, including 46 Park and the Shakespeare, using a now-retired architect whose office was in Suffern, New York ("Architect B").[3]  There are inaccessible conditions in violation of the FHA's accessibility requirements throughout these 25 rental buildings.  As the examples below at 4646 Park and the Shakespeare show, the inaccessible conditions include, *inter alia*, entrance thresholds that are excessively high, bathrooms that lack sufficient clear floor space for maneuvering, kitchens that are insufficiently wide, mailboxes and other common use facilities that are located too high above the finished floor, and common use bathrooms that lack toilet grab bars and sink pipe insulation.

16.      4646 Park, which Atlantic completed in 2006, contains 70 rental units as well as public and common use areas such as a mailbox area, a community room, and a laundry room.

---

[3]  In addition to 4646 Park and the Shakespeare, Atlantic also designed and constructed the following 23 buildings in the Bronx using Architect B:  881 East 162 Street, 508 East 161 Street, 128 East Clark Place, 962 Aldus Street, 941 Hoe Avenue, 861 East 163rd Street, 1904 Vyse Avenue, 1471 Louis Nine Boulevard, 33 West Tremont, 1345 Shakespeare Avenue, 270 East Burnside Avenue, 2277 Bathgate Avenue, 1530 Jesup Avenue, 508 East 163 Street, 505 East 161st Street, 488 East 163 Street, 3213 Third Avenue, 514 East 163 Street, 80 Bruckner Blvd, 105 Willis Avenue, 507 East 161st Street, 501 East 161st Street, and 331 East 132nd Street.

4646 Park is inaccessible to persons with disabilities. Specifically, Atlantic designed and constructed, among others, the following inaccessible features at 4646 Park:

    a.    The thresholds at the community room entrance and at the door to the community room bathroom are more than ½ inch high;

    b.    There are two rows of mail boxes higher than 54 inches above the finished floor;

    c.    In nearly all individual units, the height of the thresholds at the unit entrances exceeds ½ inch;

    d.    In nearly all individual units, the height of the thresholds at entrances to in-unit bathrooms exceeds ½ inch;

    e.    In seven individual units, there is less than 30 by 48 inch clear floor space for a parallel approach to the kitchen refrigerators

    f.    In more than 20 individual units, there is less than 30 by 48 inch clear floor space in bathrooms beyond the swinging doors;

    g.    In five individual units, there is less than 18 inches of distance between the toilet and the side wall;

    h.    In nearly all individual units, there is less than 30 by 48 inch clear floor space in bathrooms that allows for a parallel approach to the sink;

    i.    The bathroom for the community room lacks grab bars for the toilet and lacks pipe insulation for the sink; and

    j.    The highest operable part of the laundry machine in the laundry room is located higher than 54 inches above the finished floor.

17.    The Shakespeare, which Atlantic completed in 2010, contains 127 rental units as well as public and common use areas, such as a parking garage, a patio area for residents, a laundry room, a fitness room, and a children's play room. The Shakespeare is inaccessible to persons with disabilities. Specifically, Atlantic designed and constructed, among others, the following inaccessible features at The Shakespeare:

      a.    The maneuvering space immediately outside of the main building entrance door is sloped at more than 2%;

      b.    None of the 30 spaces within the parking garage provides 98-inch vertical clearance that allows parking by accessible vans;

      c.    In nearly all units, the thresholds at the unit entrances either exceed ½ inch in height or lack 1:2 beveling or both;

      d.    In nearly all individual units, the height of the thresholds at entrances to in-unit bathrooms exceeds ½ inch;

      e.    In more than 100 individual units, kitchens are less than 40 inches wide as measured between the refrigerators and opposing ranges or islands;

      f.    In about 50 units, kitchens are less than 40 inches wide as measured between the sinks and the opposing ranges or islands;

      g.    In about 50 individual units, the kitchen sinks are more than 34 inches above the finished floor;

      h.    In all or nearly all individual units, there is less than 30 by 48 inch clear floor space in bathrooms beyond the swinging doors;

      i.    In nearly all individual units, there is less than 30 by 48 inch clear floor space in bathrooms that allows for a parallel approach to the sink;

      j.    In the first-floor common use bathroom, there is no pipe insulation for the sink, and toilet grab bars are installed less than 12 inches from the rear wall and less than 6 inches from the side wall, and;

      k.    The area around the door to the patio area for residents is sloped at more than 2%; and

      l.    The highest operable part of the laundry room keycard reader is more than 54 inches above the finished floor.

    C.    <u>Buildings That Atlantic Designed and Constructed Using Architect C</u>

    18.    From in or about 2006 until in or about 2010, Atlantic designed and constructed six rental apartment buildings, including 303 Tenth Avenue, using a now-defunct architectural

firm based in Manhattan ("Architect C").[4]  There are inaccessible conditions in violation of the FHA's accessibility requirements throughout these six rental buildings.  As the examples below at 303 Tenth Avenue show, these inaccessible conditions include, *inter alia*, entrance thresholds that are excessively high, mailboxes that are located too high above the finished floor, kitchens that are insufficiently wide, kitchens and bathrooms that lack sufficient clear floor space for maneuvering, and common use bathrooms that lack toilet grab bars.

19. 303 Tenth Avenue, which Atlantic completed in 2010, contains 89 rental units as well as public and common use areas such as a mailbox area, storage units for residents, a deck area, and a club room.   303 Tenth Avenue is inaccessible to persons with disabilities.  Specifically, Atlantic designed and constructed, among others, the following inaccessible features at 303 Tenth Avenue:

   a. The height of the threshold at the entrance to the room with the storage units for residents exceeds ½ inch;

   b. There is a row of mailboxes higher than 54 inches above the finished floor;

   c. In 24 units, the height of the thresholds at entrances to in-unit bathrooms exceeds ½ inch;

   d. In more than 20 units, there is less than 30 by 48 inch clear floor space for a parallel approach to the kitchen range;

   e. In more than 20 units, there is less than 30 by 48 inch clear floor space for a parallel approach to the kitchen sinks;

   f. In more than 30 units, kitchens are less than 40 inches wide as measured between refrigerators and opposing countertops;

---

[4] In addition to 303 Tenth Avenue, Atlantic designed and constructed five other rental apartment buildings in Manhattan using Architect C:   521 West 42nd Street, 1115 First Avenue, 1 East 35th Street, 250 East 60th Street, and 385 Third Avenue.

  g. In 12 units, there is less than 40 inches of kitchen clearance between the range and dishwasher;

  h. In 12 units, the route into the kitchen is less than 36 inches wide;

  i. In all or nearly all units, there is less than 30 by 48 inch clear floor space in bathrooms beyond the swinging doors;

  j. In 70 units, the distance between the toilet centerline and the side wall is less than 18 inches;

  k. The club room bathroom lacks grab bars; and

  l. The centerlines of the toilet and the sink in the deck area bathroom are less than 18 inches from the side wall.

 D. <u>Buildings That Atlantic Designed and Constructed Using Architect D</u>

20. From in or about 2007 until in or about 2012, Atlantic designed and constructed five rental apartment buildings, including 1926 Crotona, using a now-defunct architectural firm based in Manhattan ("Architect D").[5] There are inaccessible conditions in violation of the FHA's accessibility requirements throughout these five rental buildings. As the examples below at 1926 Crotona show, these inaccessible conditions include, *inter alia*, entrance thresholds that are excessively high, kitchens that lack sufficient clear floor space for maneuvering and that are insufficiently wide, bathrooms that lack sufficient clear floor space for maneuvering and that are insufficiently wide, common use bathrooms that lack toilet grab bars, and mailboxes and other common use facilities that are located too high above the finished floor.

21. 1926 Crotona, which Atlantic completed in 2008, contains 96 rental units as well as public and common use areas such as an intercom system at the building entrance, a mailbox area, a laundry room, and a community room. 1926 Crotona is inaccessible to persons with

---

[5] In addition to 1926 Crotona, Atlantic designed and constructed four other rental apartment buildings in the Bronx using Architect D: 3121 Villa Avenue, 550 East 170 Street, 922 East 169th Street, and 1140 Tiffany Street.

disabilities. Specifically, Atlantic designed and constructed, among others, the following inaccessible features at 1926 Crotona:

  a. More than half of the buttons of the intercom system at the building entrance are higher than 48 inches above the finished floor;

  b. The height of the threshold at the door to the community room bathroom exceeds ½ inch;

  c. There are two rows of mail boxes higher than 54 inches above the finished floor;

  d. In 50 units, the height of the thresholds at the unit entrances exceeds ½ inch;

  e. In 50 units, the height of the thresholds at entrances to in-unit bathrooms exceeds ½ inch;

  f. In 50 units, there are less than 40 inches of distance between the refrigerator and the opposite cabinet;

  g. In all or nearly all units, there is less than 30 by 48 inch clear floor space for a parallel approach to the kitchen sinks and kitchen ranges;

  h. In all or nearly all units, the space between the side wall and the edge of the bathroom vanity are less than 33 inches;

  i. In all or nearly all units, there is less than 30 by 48 inch clear floor space in bathrooms beyond the swinging doors;

  j. In all or nearly all units, the operable part of the intercom is greater than 48 inches above the finished floor;

  k. The community room bathroom lacks toilet grab bars; and

  l. The operable part of the refill machine in the laundry room is located more than 54 inches above the finished floor.

E. <u>Buildings That Atlantic Designed and Constructed Using Architect E</u>

22. From in or about 2011 to in or about 2013, Atlantic designed and constructed two rental apartment buildings – 25 State Street and 70 Bruckner Boulevard in the Bronx – using an architectural firm based in Cortland, New York ("Architect E"). There are inaccessible conditions in violation of the FHA's accessibility requirements throughout both rental buildings. As the examples below at 25 State Street show, these inaccessible conditions include, *inter alia*, entrance thresholds that are excessively high, kitchens that lack sufficient clear floor space for maneuvering, common use bathrooms that lack toilet grab bars or sink pipe insulation, and mailboxes that are located too high above the finished floor.

23. 25 State Street, which Atlantic completed in 2013, contains 50 rental units as well as public and common use areas such as a mailbox area, a roof terrace for residents, a laundry room, and a community room. 25 State Street is inaccessible to persons with disabilities. Specifically, Atlantic designed and constructed, among others, the following inaccessible features at 25 State Street:

    a. The slope of at the maneuvering area immediately outside the main entrance is well above 2%;

    b. There are steps on both the interior and exterior sides of the entrance to the roof terrace for residents;

    c. There are four rows of mailboxes located at higher than 54 inches above the finished floor;

    d. In 17 units, there is less than 30 by 48 inch clear floor space for a parallel approach to the kitchen sinks;

    e. In 17 units, the kitchen sink is higher than 36 inches above the finished floor;

    f. The community room bathrooms and the fitness room bathroom all lack rear toilet grab bars;

  g.  The fitness center bathroom lacks pipe insulation for the sink;

  h.  The route to the sink in the laundry room is less than 36 inches wide;

  i.  The laundry room lacks 30 by 48 inch clear floor space for a forward approach to the sink;

  j.  In the laundry room, the work surface of the folding table is more than 34 inches above the finished floor; and

  k.  On all floors, fire extinguishers protrude into the accessible route with leading edges located more than 27 inches above the finished floor.

## DEFENDANTS' PATTERN OR PRACTICE OF NON-COMPLIANCE WITH THE FHA

24. As enumerated above, several types of inaccessible conditions — such as excessively high thresholds at the entrances to public and common use areas, lack of toilet grab bars and sink pipe insulations in common use area bathrooms, excessively high thresholds at unit entrances, in-unit bathrooms, or in-unit terraces, and lack of sufficient clear floor space in kitchens and bathrooms — recur repeatedly at the eight Sample Properties.

25. In light of the inaccessible conditions identified in paragraphs 11 through 23 above, defendants Atlantic and Fine also failed to comply with applicable State and local design and construction provisions, such as New York City Local Law 58 of 1987 and Local Law 11 of 2008, in designing and constructing the 68 rental apartment buildings at issue.

26. The recurrence of these inaccessible conditions at these rental apartment buildings resulted from a pattern or practice on Atlantic's and Fine's part of not complying with the FHA's accessibility requirements when it designed and constructed covered multi-family dwellings.

27. Redressing the effects of Atlantic's and Fine's pattern or practice of non-compliance with the FHA requires retrofits at all 68 of the rental apartment buildings at issue in this action.

**FAIR HOUSING ACT CLAIMS**

28. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1–27 above.

29. Defendants Atlantic and Fine violated 42 U.S.C. § 3604(f)(3)(C), as well as 24 C.F.R. § 100.205(c), by failing to design and construct rental apartment buildings, including each of the Sample Properties, in such a manner that:

  a. the public use and common use portions of the dwellings are readily accessible to and usable by persons with disabilities;

  b. all doors designed to allow passage into and within the dwellings are sufficiently wide to allow passage by persons who use wheelchairs for mobility; and

  c. all premises within such dwellings contain the following features of adaptive design:

    i) an accessible route into and through the dwelling;

    ii) light switches, electrical outlets, thermostats, and/or other environmental controls in accessible locations; and

    iii) usable kitchens and bathrooms, such that an individual using a wheelchair can maneuver about the space.

30. Defendants Atlantic and Fine, through the actions and conduct referred to in the preceding paragraphs, has:

  a. Discriminated in the sale or rental of, or otherwise made unavailable or denied, dwellings to buyers or renters because of a disability, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(a);

  b. Discriminated against persons in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R. § 100.202(b); and

15

    c. Failed to design and construct dwellings in compliance with the accessibility and adaptability features mandated by 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205.

31. The conduct of defendants Atlantic and Fine described above constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619; and/or

    d. A denial to a group of persons of rights granted by the Act, 42 U.S.C. §§ 3601-3619, which denial raises an issue of general public importance.

32. Persons who may have been the victims of defendants Atlantic's and Fine's discriminatory housing practices are aggrieved persons under 42 U.S.C. § 3602(i), and may have suffered injuries as a result of defendants' conduct described above.

33. Defendants Atlantic's and Fine's discriminatory actions and conduct described above were intentional, willful, and taken in disregard for the rights of others.

### **Prayer for Relief**

WHEREFORE, the United States prays that the Court enter an order that:

a. Declares that the policies and practices of defendants Atlantic and Fine, as alleged herein, violate the Fair Housing Act;

b. Enjoins defendants Atlantic and Fine and their employees, agents, officers, successors, and all other persons in active concert or participation with any of them, from:

    i. Failing or refusing to bring the dwelling units and public use and common use areas at the Sample Properties and at other covered multifamily housing complexes that they have designed and constructed into compliance with 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205;

    ii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, persons harmed by their unlawful practices to the position they would have been in but for the discriminatory conduct;

    iii.    Designing and/or constructing any covered multifamily dwellings in the future that do not contain the accessibility and adaptability features required by 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205; and

    iv.    Failing or refusing to conduct a compliance survey at the Sample Properties and at other covered multifamily housing complexes that they have designed and constructed to determine whether the retrofits ordered in sub-paragraph (i) above were made properly; and

    c.    Awards appropriate monetary damages, pursuant to 42 U.S.C. § 3614(d)(1)(B), to each person harmed by defendants Atlantic's and Fine's discriminatory conduct and practices.

The Government further prays for such additional relief as the interests of justice may require.

                              WILLIAM P. BARR
                              Attorney General of the United States

                              ERIC S. DREIBAND
                              Assistant Attorney General
                              Civil Rights Division

Date: New York, New York
       October 16, 2019                GEOFFREY S. BERMAN
                                        United States Attorney
                                        Southern District of New York

                             By:        */s/ Li Yu*
                                  LI YU
                                  JACOB LILLYWHITE
                                  NATASHA W. TELEANU
                                  STEVEN J. KOCHEVAR
                                  Assistant United States Attorneys
                                  86 Chambers Street, 3rd Floor
                                  New York, New York 10007
                                  Tel. Nos. (212) 637-2734/2639/2528/2715