Under Paragraph 1.B.iv of the Individual Practices of Judge Liman, https://www.nysd.uscourts.gov/hon-lewis-j-liman, "All parties wishing to propose a protective order must, after receiving the Court's permission in accordance with Paragraph 1(B), submit a proposed protective order that conforms as closely as possible with the Court's Model Protective Order, which is available on the Judge's website. Any changes must be reflected in a redline that should be filed as an exhibit to the proposed protective order." The parties are granted permission to file a proposed protective order but shall do so in accordance with the instructions above.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

5/11/2020

LEWIS J. LIMAN
United States District Judge

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| - against - ) | **Case No. 1:19-cv-9551** |
| ) | **Judge Lewis J. Liman** |
| **ATLANTIC DEVELOPMENT GROUP, LLC** ) | **Magistrate Judge Robert W.** |
| **AND PETER FINE,** ) | **Lehrburger** |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## STIPULATED PROTECTIVE ORDER

The United States of America has brought this action against Defendants Atlantic Development Group, LLC and Peter Fine. In order to permit the parties to discover and disclose information relevant to this case without disclosing Confidential and Protected Information (defined herein) to the public, and pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Rules"), the parties agree and it is hereby:

ORDERED, that the parties hereby stipulate to the entry of a Protective Order as follows:

## Definitions

A.    "United States," "Government," or "Plaintiff" means the United States of America and any of its employees, officials, or representatives acting on its behalf.

B.    "Defendants" means Atlantic Development Group, LLC, Peter Fine, and any of their agents, employees, or representatives acting on their behalf.

C.    The "Parties" means the United States and Defendants collectively.

D.      "Confidential Information" as used herein means information the disclosure of which to or by the receiving Party would, in the good faith belief of a Party or Subpoenaed Entity, result in the disclosure of one or more of the following categories of information: (i) proprietary, financial, technical, trade secret, or commercially sensitive information within the meaning of Rule 26(c)(1)(G); (ii) information kept in a United States system of records that is subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; (iii) other Protected Information; (iv) any photographs or video recordings taken on-site at Defendants' properties that include objects, documents, items or other tangible things that contain personally identifying information or that might reasonably cause embarrassment to a tenant of Defendants; and (v) any other information containing sensitive personal information, including the names and addresses of residents, trade secrets or other confidential research, development, or commercial information.  Subject to the terms and limitations described below, information produced will be deemed Confidential Information when so designated in the manner described in Paragraph 1 below.

E.      "Protected Information" means unclassified information otherwise protected by the Privacy Act (5 U.S.C. § 552a, *et seq.*); the Trade Secrets Act (18 U.S.C. § 1905); 10 U.S.C. § 130b; and other non-disclosure statutes that protect from release personal privacy, trade secret, and/or other statutorily protected information, and information pertaining to residents or prospective residents in the 68 buildings listed in Appendix 1 to the Complaint in this case.

F.      "Subpoenaed Entity" means any entity that is subpoenaed by either of the Parties to produce material unless that Subpoenaed Entity negotiates different terms for the protection of Confidential Information or Protected Information.

#74824804_v2

**<u>Confidentiality Provisions</u>**

1.      The designation of Confidential or Protected Information may be made by a producing Party or Subpoenaed Entity by placing or affixing prominently on produced documents the words "CONFIDENTIAL" indicating the confidential nature of the documents.  Any Party or Subpoenaed Entity also may designate as Confidential or Protected Information any documents, information, or material previously received or produced by the United States or Defendants and material received by third-parties in this action.  Stamping the words "CONFIDENTIAL" on the cover of any multi-page document will designate all pages of the document as Confidential or Protected Information unless otherwise indicated by the designating Party or Subpoenaed Entity. Any electronically stored information, including electronically stored information produced in native file format, may be designated Confidential or Protected Information by affixing a label on the tape, disc, or electronic file consistent with the above.

2.      A Party or Subpoenaed Entity may make documents available for inspection and copying to another Party, whether pursuant to Rule 34 or otherwise.  Documents made available for inspection need not be designated Confidential or Protected Information at the time of the inspection; however, if documents made available for inspection are subsequently produced or copied the designating Party or Subpoenaed Entity must then designate the applicable documents as Confidential or Protected Information within 30 days of such production or copying consistent with the requirements set forth in Paragraph 1 of this Order.  Such inspection and copying will not constitute a waiver of any claim of confidentiality.

3.      If a Party or Subpoenaed Entity inadvertently discloses to another Party in this action any material containing information that it deems Confidential or Protected Information without designating it as Confidential or Protected Information, the Party shall immediately after

3

discovery of that inadvertent disclosure inform opposing counsel in writing of its discovery and request that the inadvertently disclosed information be treated as Confidential or Protected Information. The inadvertently disclosed information shall thereafter be treated as Confidential or Protected Information under the terms, limitations, and conditions of this Protective Order. To the extent such information may have been disclosed to persons other than persons authorized by Paragraph 11 of this Protective Order, reasonable efforts shall be made to retrieve the information promptly from such persons and to avoid any further disclosure to any unauthorized person.

4.    If any Party subpoenas documents from a third-party for purposes of this action, that Party shall produce or permit the inspection of any materials obtained a result of any subpoena to allow opposing counsel or counsel to the third-party to designate any responsive material as Confidential or Protected Information.

5.    Any summary, extract, paraphrase, quotation, restatement, compilation, notes, or copy containing Confidential or Protected Information or any electronic image or database containing Confidential or Protected Information will be subject to the terms of this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, copy, electronic image, or database is derived.

6.    Defendants or Subpoenaed Entities companies shall have the right to designate as Confidential or Protected Information any photographs or video taken on-site by the United States or its designee(s) that include objects, documents, items or other tangible things that contain personally identifying information or that might reasonably cause embarrassment to a tenant of the Subject Buildings.

7.    Testimony regarding Confidential or Protected Information taken at a deposition may be designated as Confidential or Protected Information by any Party or Subpoenaed Entity by

making a statement to that effect on the record at the deposition or proceeding or in writing no later than 30 days after receipt of the final transcript of the proceeding.  Arrangements must be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcripts containing Confidential or Protected Information and/or to label such portions appropriately.  Persons other than persons authorized to receive access to Confidential or Protected Information will be excluded from attendance during portions of depositions in this matter at which such Confidential or Protected Information is shown or discussed.

8.     All counsel of record receiving copies of documents, transcripts, responses to written questions, or any other material or information designated as Confidential or Protected Information must maintain such Confidential or Protected Information in their possession, custody, or control in a manner sufficient to protect such material against unauthorized disclosure.  This Order applies to all litigation support vendors, including without limitation, any copy service or document storage companies.  It is the responsibility of counsel of record to take reasonable steps to ensure that all of its vendors comply with this Order.

9.     Confidential or Protected Information will be used solely for the purpose of conducting litigation in this action (including appeals) and not for any business or other purpose whatsoever by any person having access to such material.

10.     Nothing contained in this Protective Order in any way (i) prevents, limits, or impairs the right of counsel for either party to disclose to any law enforcement agency or component of the United States any document or information regarding any potential violation of law pursuant to a formal request, demand, subpoena, or order, or (ii) prevents, limits, impairs to use of documents or information obtained by any law enforcement agency or component

#74824804_v2

through such formal request, demand, subpoena, or order in any proceeding or investigation regarding any potential violation of law.

11.     Confidential or Protected Information and any copies thereof, and notes made therefrom, may be disclosed only to current and former employees of and attorneys for the Parties, to deposition or trial witnesses in connection with their testimony or preparation thereof, to persons retained to provide expert testimony in this action, to persons regularly employed in or by such attorneys' offices or offices assisting such attorneys in this matter, or to other persons as reasonably necessary for the preparation, trial, appeal or settlement of the case identified herein, including, but not limited to, litigation support vendors.

12.     Any such person to whom Confidential or Protected Information is to be disclosed other than persons employed by counsel of record and the Parties, must first be advised by the attorney making the disclosure that pursuant to this Protective Order such person may not divulge any such Confidential or Protected Information to any other person not authorized under Paragraph 11 above to have access to such Confidential or Protected Information.  The attorney must secure from each person a written acknowledgement stating that such person has read the Protective Order and agrees to be bound by it.  Acknowledgement must be maintained in the possession of the attorney securing the affidavit or declaration until further order of the Court.

13.     Subject to order of the Court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing Confidential or Protected Information must be placed under seal and will not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the Parties, and persons authorized by this Protective Order.  The filing of materials designated

under this order will conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

14.     Counsel will endeavor to avoid revealing Confidential or Protected Information in any oral hearings before the Court, except for trial.  If any counsel finds it necessary to refer to Confidential or Protected Information in any such oral hearings, counsel must notify the Court and all other counsel of record as soon as such necessity becomes apparent and propose whatever mechanism(s) may be available and appropriate to prevent disclosure of Confidential or Protected Information as a consequence of such oral hearings to persons other than those authorized by this Order.

15.     Further, in the event that any Confidential Information is used in any Court proceeding herein, the parties will attempt to further stipulate as to the procedures for use of Confidential or Protected Information in Court proceedings.  If necessary, any dispute regarding the procedures for use of Confidential or Protected Information in Court proceedings will be submitted to the Court for resolution.

16.     Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this Protective Order.  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by Paragraph 1 of this Order unless the Party or Subpoenaed Entity claiming a need for greater protection moves for an order providing such special protection or non-disclosure pursuant to Rule 26(c).

17.     Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from objecting to the designation of documents or other discovery material as Confidential or Protected Information.  Such objection must be made in writing, and must state the basis of the objection.  The parties will endeavor to avoid piecemeal objections to a production.

18.     In the event of a confidentiality dispute, the Party challenging the designation of documents or other discovery materials as Confidential or Protected Information will have the burden to file a motion challenging the designation with the Court.  Such a motion shall be filed within 30 days of learning that the dispute cannot be resolved without court intervention.  The burden of showing that there is good cause for the designation and treatment under this Protective Order will, at all times, remain with the Party or Subpoenaed Entity making the designation.  The material shall be treated as Confidential until the Court rules on the challenging party's motion.

19.     Within 90 days after the final conclusion of the litigation of this action, including the final resolution of any appeals (or the expiration of the time in which to notice an appeal if no appeal is taken), the Parties will undertake reasonable and prudent efforts to destroy or return to the producing Party all Confidential or Protected Information.

20.     In the event of a disclosure of Confidential or Protected Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Protective Order, and in the event the Party responsible for having made or allowed such disclosure becomes aware of such disclosure, that Party must immediately inform counsel for the Party or Subpoenaed Entity whose Confidential or Protected Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure.  The responsible party must also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential or Protected Information is made by anyone.

#74824804_v2

21.     By providing any document or other information in its possession, no Party or Subpoenaed Entity waives any privileges, objections, or protection otherwise afforded to it by law or equity.  Further, pursuant to Federal Rule of Evidence 502, on demand, a Party must return to a producing Party or Subpoenaed Entity any material that the producing party or Subpoenaed Entity identifies as privileged material that has inadvertently been produced in this action.

22.     Nothing contained herein restricts the Government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.  Nothing contained herein restricts Defendants or Subpoenaed Entities' uses of their own records consistent with other applicable laws and regulations.

23.     Nothing contained herein restricts any Parties' rights to provide, discuss, show, make available, or otherwise communicate information (including documents) that the Parties have obtained or will obtain through means outside this action consistent with other applicable laws, regulations, and other agreements regarding the use of the same.

24.     This Order is without prejudice to the rights of any Party or Subpoenaed Entities to make any objection to discovery permitted by the Rules, or by any statute or other authority, or to the rights of any Party to make evidentiary objections at trial.

25.     If any individual or entity subpoenas or orders production of Confidential or Protected Information that a Party has obtained subject to this Order, the Party subpoenaed or ordered shall promptly notify opposing counsel of the pendency of the subpoena or order and shall not produce the information until opposing counsel have a reasonable time (which shall be no less than seven (7) days) to take appropriate measures to protect the information.

26.     The United States agrees to treat Confidential or Protected Information provided under this Protective Order as "business information" as defined by 28 C.F.R. § 16.8 with regards

#74824804_v2

to any relevant Freedom of Information Act requests subject to the terms and limitations of that regulation and all other applicable regulations, statutes, rules, and other authorities.

27.     Any Party may petition the Court for a modification of the terms of this Protective Order.  The Court will have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

Respectfully submitted,

GEOFFREY BERMAN
U.S. Attorney for
the Southern District of New York

_____/s/_____
Jacob Thomas Lillywhite
Steven John Kochevar
Natasha Waglow Teleanu
Li Yu
86 Chambers Street
New York, NY 10007
*Attorneys for the United States of America*

HOLLAND & KNIGHT LLP

/s/      Christine N. Walz
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Phone: (212) 513-3368
Fax:  (212) 385-9010
christine.walz@hklaw.com

Lynn E. Calkins
Adrian F. Snead
800 17th Street N.W.
Suite 1100
Washington, DC 20006
Phone: 202.457.7041
Fax 202.955.5564
lynn.calkins@hklaw.com
adrian.snead@hklaw.com

*Attorneys for Defendants Atlantic
Development Group, LLC and Peter Fine*

11

SO ORDERED:

Dated: _____

_____
Lewis J. Liman
United States District Judge

#74824804_v2